1 | KEKER, VAN NEST & PETERS LLP
PAVEN MALHOTRA - # 258429
2 | pmalhotra@keker.com
BRYN WILLIAMS - # 301699
3 | bwilliams@keker.com
633 Battery Street
4 | San Francisco, CA 94111-1809
Telephone:    415 391 5400
5 | Facsimile:    415 397 7188

6 | Attorneys for Defendant FACEBOOK, INC.

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

| | |
|---|---|
| IBRAHIM HASSAN, ANJEZA HASSAN, MIRELA HYSA, and KOSTA HYSA, | Case No. 3:19-cv-01003-TSH |
| Plaintiffs, | **DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FACEBOOK INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| v. | |
| FACEBOOK, INC., | |
| Defendant. | |
| | Date:        May 23, 2019 |
| | Time:        10:00 a.m. |
| | Dept.:       A, 15th Floor |
| | Judge:       Hon. Thomas S. Hixson |
| | Filed:       February 22, 2019 |
| | Trial Date:  None |

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FACEBOOK INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:19-cv-01003-TSH

1326320.v1

## NOTICE OF MOTION

**TO PLAINTIFFS AND ITS COUNSEL OF RECORD: PLEASE TAKE NOTICE**

**THAT** on May 23, 2019 at 9:00 a.m., or as soon thereafter as the matter may be heard, at the United States District Court for the Northern District of California, in Courtroom A, 15th Floor, 450 Golden Gate, California, Defendant Facebook, Inc. will, and hereby does, move for an order dismissing Plaintiffs' Complaint.

Facebook respectfully asks this Court to issue an order dismissing Plaintiffs' Complaint. This motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities in Support thereof; the Declaration of Bryn Williams in Support thereof; and all papers and records on file with the Court or which may be submitted prior to or at the time of the hearing, and any further evidence which may be offered.

Dated: April 15, 2019

KEKER, VAN NEST & PETERS LLP

By:  /s/ Bryn Williams
PAVEN MALHOTRA
BRYN WILLIAMS

Attorneys for Defendant FACEBOOK, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case involves four *pro se* plaintiffs who purport to bring a class action against Facebook for allegedly sharing their private information with others without their consent.[1] Plaintiffs allege they have Facebook accounts and use Facebook's messaging application, known as Facebook Messenger. They allege in conclusory terms that Facebook "collected, tracked, and maintained" their personal data and that Facebook "exposed" this data without consent. Plaintiffs never specify exactly what data was exposed, when, to whom, and how, if at all, they have been injured.

Instead, Plaintiffs refer to Facebook's September 2018 announcement of a vulnerability on its platform that left *certain* user data for some users unprotected as well as a December 2018 *New York Times* article that discussed Facebook's sharing of *some* data with select third party partners. Plaintiffs do not allege any specific facts suggesting they were in any way victims of the matters subject of the announcement or the *Times* article.

Nonetheless, Plaintiffs now file suit alleging claims for violation of the Federal Trade Commission ("FTC") Act, invasion of privacy, and breach of contract. Each claim must be dismissed. The FTC Act does not create a private cause of action. The invasion of privacy claim is not actionable because Plaintiffs fail to allege facts sufficient to state a claim. And the breach of contract claim fails because Plaintiffs identify no contractual obligation that Facebook breached. For these reasons, and as further detailed below, the Court should dismiss the Complaint.

---

[1] The complaint makes only passing reference to this being a purported class action. *See* Compl. at pg. 6 ("For our Class Action Complaint. . . ) To the extent Plaintiffs intend to litigate this case as a class action, they are not permitted to do so and the Court should strike any class allegations. *Pro se* litigants have the right to plead and conduct their own cases personally. 28 U.S.C. § 1654. However, *pro se* litigants do not have authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (stating that a non-attorney plaintiff may not pursue a claim on behalf of others in a representative capacity). Given that Plaintiffs are proceeding *pro se,* this case cannot proceed as a class action.

## II.     BACKGROUND

### A.     Plaintiffs' Allegations

Plaintiffs, three residents of Nevada and one resident of Michigan, allege that they created their Facebook accounts between 2007 and 2009. *See* Complaint ("Compl.") ¶¶ 3-6. One Plaintiff—Ibrahim Hassan—alleges that he "stopped using his Facebook account on or about December 2016," although he alleges his "account is still active." *Id.* ¶ 3. All Plaintiffs allege they used Facebook's messaging application, known as "Messenger," to communicate with others. *Id.* ¶¶ 3-6. All Plaintiffs allege that they used Facebook Messenger to share "personal, intimate, secure information through messaging, calling and texting" which they broadly identify as "current addresses, social security numbers, birthdays, driver licenses, personal and intimate pictures, personal and intimate conversations, and life-making decisions." *Id.* ¶ 12.

Plaintiffs assert that information they shared on Facebook was "exposed and sold" to "third parties without [Plaintiffs] authorization for monetary profit." Compl. ¶ 5. In particular, they rely on a September 28, 2018 announcement from Facebook concerning a security vulnerability and a December 18, 2018 *New York Times* article.

Plaintiffs incorrectly quote the article as stating that "Facebook for many years gave more than 150 companies extensive access to personal data-including private messages and contact information without users' explicit consent." *Id.* ¶ 11. Plaintiffs allege based on the article that "more than 150 companies and their employees have all of our private information" and, as a result, they "fear not just for our lives but our children." *Id.* ¶ 13.

The quote Plaintiffs provide at paragraph 11 of their Complaint does not appear in the *New York Times* article. Instead, Plaintiffs have stitched-together several sentences from disparate locations in the article and added their own embellishment to provide the false impression that the *New York Times* reported that over 150 companies had access to users' private messages. Nothing in that article suggests that any company other than "Spotify, Netflix and the Royal Bank of

Canada" had access to users' messages. *See* Williams Decl. Ex. A.[2] The article asserts Facebook provided "over 150 companies" with access to some "data." *Id.* The *Times* stated that "Some of the access deals described in the documents were limited to sharing non-identifying information with research firms or enabling game makers to accommodate huge numbers of players. These raised no privacy concerns. But agreements with about a dozen companies did." *Id.* Relevant to Plaintiffs' Complaint, the *Times* article stated that "Facebook also allowed Spotify, Netflix and the Royal Bank of Canada to read, write and delete users' private messages, and to see all participants on a thread." *Id.* The *Times* reported that "Spokespeople for Spotify and Netflix said those companies were unaware of the broad powers Facebook had granted them" and "A Royal Bank of Canada spokesman disputed that the bank had had any such access." *Id.* Facebook disputes the accuracy of the *Times'* characterization.

The Complaint contains no allegations that indicate, much less suggest, Plaintiffs themselves had their data exposed by the security vulnerability announced in September 2018 or that Plaintiffs' messages were reviewed by any third parties. The closest Plaintiffs come is an allegation that one Plaintiff—Mirela Hysa—received a notification in August 2018 from an unrelated credit monitoring company that her Yahoo email and password were "found on Dark Web." Compl. ¶ 7. The Complaint contains no allegations indicating that such information found its way on the "Dark Web" due to anything done by Facebook.

### B.    Plaintiffs' Claims

Plaintiffs assert three causes of action. ***First***, Plaintiffs contend that Facebook has violated the FTC Act by "falsely" representing that their "personal data were secured and private" and by "failing to implement reasonable and appropriate security measures or follow industry standards for data security, and failing to comply with its own posted privacy policies." Compl. ¶¶ 16-17. ***Second***, Plaintiffs contend that Facebook invaded their privacy by exposing their "privacy, personal information, personal messages, and personal activities to known and unknown

---

[2] Because Plaintiffs have incorporated the December 18, 2018 *New York Times* article by reference into their complaint, this Court is entitled to review it on a Motion to Dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

1   companies without consent." *Id.* ¶ 23. **Third**, Plaintiffs allege that Facebook "failed to comply

2   with its own user agreement" by permitting "select partner companies" to access "its consume[r]

3   data for financial gain." *Id.* ¶¶ 26; 28.

4       Plaintiffs' Complaint requests "restitution in the amount of $5,000,000,000 (five million)

5   dollars in sum . . . to be awarded to the Plaintiffs individually in the amount of $1,250,000,000."

6   Compl. ¶ 32.[3]

7   **III.    LEGAL STANDARD**

8       A complaint must be dismissed under Rule 12(b)(6) unless it "contains sufficient factual

9   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

10  556 U.S. 662, 678 (2009). The Court is not "required to accept as true allegations that are merely

11  conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sis. Sec.*

12  *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The factual allegations must "rise above the

13  speculative level." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007). In making this

14  determination, a court must "draw on its judicial experience and common sense." *Iqubal*, 556

15  U.S. at 679. This analysis provides a critical gatekeeping function, because claims must be

16  sufficiently plausible "that it is not unfair to require the opposing party to be subjected to the

17  expense of discovery and continued litigation." *Electric Prop. E., LLC. V. Marcus & Millichap*

18  *Co.,* 751 F.3d 990, 996 (9th Cir. 2014).

19  **IV.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE**
20  **A CLAIM**

21      **A.    The FTC Act Does Not Create a Private Right of Action**

22      Plaintiffs' first cause of action must be dismissed because the FTC Act does not create a

23  private right of action. *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988–89 (D.C. Cir.

24  1973) ("The [FTC] Act nowhere purports to confer upon private individuals, either consumers or

25

26  [3] In light of the parenthetical specifying damages as "five million," Facebook assumes that the
    additional zeros in this paragraph are typos, and that Plaintiffs are not in fact alleging $5 billion in
    damages. Facebook notes that its Terms of Service include a provision limiting its aggregate
27  liability for contract damages to "the greater of $100 or the amount you have paid us in the past
    twelve months." Williams Decl. Ex. B.

28

business competitors, a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts"); *Gajo v. Chicago Brand*, 2017 WL 2473142, at *1 (N.D. Cal. June 8, 2017) ("Courts have held that consumers and members of the public at large may not maintain a private action to enforce the FTCA."). For that reason, Plaintiffs' first claim fails as a matter of law.

### B.    Plaintiffs Fail to Adequately Allege an Invasion of Privacy Claim

Plaintiffs allege that Facebook invaded their privacy by publicly disclosing private facts.

To state a claim for public disclosure of private facts, a plaintiff must allege that the defendant (1) publicized (2) private information concerning the plaintiff; (3) a reasonable person would consider the publicity highly offensive; (4) the defendant knew, or acted with reckless disregard, that a reasonable person would consider the publicity highly offensive; (5) that the private information was not of legitimate public concern; (6) that the defendant was harmed; and (6) that the defendant's conduct was a substantial factor in causing plaintiff's harm. *See* California Civil Jury Instructions (CACI) 1801 ("Public disclosure of Private Facts").[4]

Here, Plaintiffs fail to allege what specific facts were disclosed by Facebook, when, to whom, and how. As explained below, the absence of specificity, along with other deficiencies, prevents Plaintiffs from making the required showing needed to state a public disclosure claim.

### 1.    Plaintiffs fail to allege that their "private" information was exposed or that disclosure would have been offensive or objectionable

The complaint contains no well-pled allegations identifying what specific information Facebook exposed. The complaint also contains no factual allegations explaining why the information disclosed was, in fact, private—other than the bald assertion that it was. As a result, Plaintiffs fail to establish that "private" information is at issue.

---

[4] See also *Taus v. Loftus*, 40 Cal. 4th 683, 717, 151 P.3d 1185, 1207 (2007) (A plaintiff pursuing a claim for public disclosure of private facts must allege: "(1) public disclosure, (2) of a private fact, (3) which would be offensive and objectionable to the reasonable person, and (4) which is not of legitimate public concern."); *see also Briscoe v. Reader's Digest Assn., Inc.*, 4 Cal. 3d 529, 542-543 (1971) ("We find it reasonable to require a plaintiff to prove, in each case, that the publisher invaded his privacy with reckless disregard for the fact that reasonable men would find the invasion highly offensive.").

5

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
FACEBOOK INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:19-cv-01003-TSH

To state a claim for disclosure of private information, the information at issue must be private. *See, e.g., Metter v. Los Angeles Exam'r*, 35 Cal. App. 2d 304 (1939) ("Manifestly an individual cannot claim a right to privacy with regard to that which cannot, from the very nature of things and by operation of law, remain private."); *Stryker v. Republic Pictures Corp.*, 108 Cal. App. 2d 191, (1951) (military service record not private information subject to a privacy tort claim). But because the complaint contains no details about the specific information Facebook allegedly exposed, it fails to plead facts sufficient to establish that the information itself was private.

This gap gives rise to an *additional* pleading deficiency: without details about what content was exposed, the complaint fails to plead facts establishing that a reasonable person would consider disclosure of the information offensive and objectionable, which is a separate element of any public disclosure tort claim and an independent reason to dismiss the claim.

This Court has previously rejected barebones pleadings of privacy violations such as those asserted by Plaintiffs here. In *Yahoo Mail Litig.*, for example, this Court dismissed a privacy claim under the California Constitution because the complaint rested upon generalized allegations without identifying what private content was allegedly shared. 7 F. Supp. 3d 1016, 1041 (N.D. Cal. 2014). The Court explained, "The problem for Plaintiffs . . . is that to the extent [they] intend to allege that they have a privacy interest in the specific content of their emails, their allegations are fatally conclusory. The Complaint merely alleges that Plaintiffs' emails were 'private' without alleging any facts related to what particular emails Yahoo intercepted, or the content within particular emails." *Id.* This Court should likewise dismiss Plaintiffs' Second Cause of Action for failure to identify with specificity the allegedly "private" facts disclosed.[5]

---

[5] *See also Sunbelt Rentals, Inc. v. Victor*, 43 F. Supp. 3d 1026; 1035 (N.D. Cal. 2014) (holding that plaintiff cannot "claim a reasonable expectation of privacy with respect to his text messages, in general" and dismissing complaint where "[t]he pleadings do not identify the contents of any particular text messages, and instead refer generally to 'private electronic data and electronic communications'"); *Zbitnoff v. Nationstar Mortgage, LLC,* 2014 WL 1101161, at *4 (N.D.Cal. March 18, 2014) (holding allegations for constitutional privacy claim were conclusory because plaintiff "merely state[d]" defendants disclosed her "private information"); *Scott–Codiga v. Cnty. of Monterey,* 2011 WL 4434812, at *7 (N.D.Cal. Sept. 23, 2011) (dismissing constitutional privacy claim on ground that plaintiff had not "specified the material defendants released to the

### 2.   Plaintiffs does not allege that Facebook "publicized" their private information

Even if Facebook "exposed" Plaintiffs' private information, the complaint would still fail to state a claim because there are no allegations that Facebook "publicized" the information.

Under California law, "an actionable disclosure must in most instances be tantamount to *publicity*." *Grant v. United States*, 2011 WL 2367656, at *6 (E.D. Cal. June 9, 2011) (disclosure to one other person insufficient to state a claim of public disclosure) (emphasis added). As this court explained in *Opperman v. Path, Inc*., publicity "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." 87 F. Supp. 3d 1018, 1062 (N.D. Cal. 2014) (citing Rest. (2d) of Torts § 652D, Comment a (1977)). In *Opperman*, plaintiffs brought a claim of public disclosure of private facts against defendants for allegedly transmitting consumer smartphone address book information in an unencrypted manner thereby "making it publicly available to third parties." *Id*.

The court dismissed the public disclosure claim: "While Plaintiffs allege that their information could have been intercepted by third parties, they do not allege that any interception occurred, nor do they allege that it was 'substantially certain' that their address books would become 'public knowledge.' To satisfy the requirement, more specific allegations establishing the extent of the disclosure are required." *Id*.[6] Likewise here, Plaintiffs plead nothing to suggest Facebook "publicized" their private information. At most, the Complaint alleges that three companies could have accessed Facebook users' data, although the article Plaintiffs cite for that allegation notes that two of the companies were unaware they could do so and one disputed it had any access. In short, Plaintiffs plead nothing to suggest that Facebook did anything to make it "substantially certain" that their information would become "public knowledge." *Opperman*, 87

---

public in enough detail for the Court to determine whether it might conceivably fall within a recognized privacy interest protected by the [California] constitution" (internal citation omitted)).
[6] *Ignat v. Yum! Brands, Inc.*, 214 Cal. App. 4th 808 (2013) ("Liability for the common-law tort of public disclosure of private facts requires publicity; disclosure to a few people in limited circumstances does not violate the right.").

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FACEBOOK INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:19-cv-01003-TSH

1326320.v1

F. Supp. 3d at 1062. Plaintiffs have failed to meet the "publicity" element of their Second Cause of Action and it should be dismissed.

### 3.     Plaintiffs do not allege that Facebook acted recklessly

To state a claim for public disclosure of private facts, Plaintiffs must plead that Facebook knew, or acted with reckless disregard, that a reasonable person would consider the publicity at issue highly offensive. *Gill v. Hearst Pub. Co.*, 40 Cal. 2d 224 (1953); *Briscoe v. Reader's Digest Association, Inc.*, 4 Cal. 3d 529, (1971) (overruled on other grounds by, *Gates v. Discovery Communications, Inc*., 34 Cal. 4th 679 (2004)).

Plaintiffs fail to satisfy this element. First, as explained above, there are no allegations that Facebook publicized any facts. Second, even if there was publicity, there are no allegations that what was publicized was "private." Third, there are no allegations that Facebook acted with knowledge—or recklessly—in the face of these (non-existent) facts. Again, Plaintiffs' barebones complaint fails to state a claim.

### C.     Plaintiffs Fail to Adequately Allege a Breach of Contract Claim

### 1.     Plaintiffs do not identify any contract provision that was breached

Plaintiffs assert a claim for breach of contract but fail to identify what contract provision Facebook allegedly breached. For this reason alone, the claim must be dismissed because it fails to state a claim. *See, e.g.,In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 983 (N.D. Cal. 2016) ("The consolidated amended complaint fails to identify the contractual provisions that were breached."*); see also Frances T. v. Vill. Green Owners Ass'n*, 42 Cal.3d 490, 512-513 (1986) ("Plaintiff's allegation that defendants breached that contract . . . must fail because she does not allege that any provision in any of the writings imposed such an obligation on defendant."); *Murphy v. Hartford Accident & Indem. Co*., 177 Cal.App.2d 539, 543 (1960) ("In order for an action to be based upon an instrument in writing, the writing must express the obligation sued upon.").

What do Plaintiffs allege? They makes two sets of allegations. ***First***, in their "Statement of Facts" Plaintiffs asserts that Facebook's "Terms of Service and Privacy" made certain

representations concerning privacy. *See* Compl. at pg. 7. But none of the alleged representations are actually contained in Facebook "Terms of Service" nor are they contained in Facebook's "Data Policy," which is incorporated in the Terms of Service.[7] *Second*, the Complaint make stray references to Facebook's alleged failure "to comply with its own user agreement," Compl. ¶ 26, but Plaintiffs fail to explain what provision in the user agreement was allegedly violated. In short, Plaintiffs have not alleged Facebook breached any contractual obligation because they do not identify any contractual promise that Facebook made.

The absence of such allegations is important because Facebook's Terms of Service does, in fact, contain a host of provisions that explain to users the data FB collects, how it is used, and when and if any of that data is shared with others. But given the complete absence of allegations concerning what specific data was allegedly shared and with whom, the Complaint fails to provide enough notice to Facebook so that it can identify the contractual provisions that may stand as a complete defense to Plaintiffs' claims.[8]

### 2.    Plaintiffs fail to plead contract damages

Under California law, "a breach of contract claim requires a showing of appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010, 1015 (9th Cir. 2000). "Nominal damages, speculative harm, or threat of future harm do not suffice to show legally cognizable injury." *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783, at *12 (N.D. Cal. May 27, 2016). Additionally, damages flowing from "emotional and physical distress" are not "recoverable on a California contract claim." *Gibson v. Office of Atty. Gen., State of California*, 561 F.3d 920, 929 (9th Cir. 2009).

Plaintiffs allege that they suffered $5 million in damages because they allegedly "will need to remain vigilant and in high risks for years to come" and because "[k]nowing that more

---

[7] Because Plaintiffs have incorporated the "Terms of Service" by reference into their Complaint, this Court is entitled to review it on a Motion to Dismiss. *Ritchie*, 342 F.3d at 908. Facebook's Terms of Service does not contain a "Privacy" section and the Complaint fails to specify what is meant by "Privacy." The closest analogue is the "Data Policy," but that too does not contain the alleged representations Plaintiffs allege in their Complaint. *See* Williams Decl. Ex. B, Ex. C.

[8] If Plaintiffs are granted leave to amend their Complaint, Facebook reserves the right to assert such contractual defenses.

DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
FACEBOOK INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
Case No. 3:19-cv-01003-TSH

1   than 150 companies and their employees have all of our private information keeps us under harm

2   and fear." Compl. ¶¶ 9, 13. This is *precisely* the kind of damages claim forbidden by California

3   law. *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal. 2012) (claimed damages

4   flowing from "embarrassment and humiliation cause by the disclosure" of allegedly private

5   information does not support an action for breach of contract); *see also Svenson v. Google Inc.*,

6   65 F. Supp. 3d 717, 725 (N.D. Cal. 2014) (Plaintiff's allegation of increased risk of identity theft

7   is "too speculative to satisfy the pleading requirement of contract damages."); *see also Ruiz v.*

8   *Gap, Inc.*, 622 F. Supp. 2d 908, 917 (N.D. Cal. 2009), aff'd, 380 F. App'x 689 (9th Cir. 2010)

9   (under California contract law, a Plaintiff "cannot show he was actually damaged by pointing to

10   his fear of future identity theft").

## V.    CONCLUSION

12        For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint.

13   Dated: April 15, 2019                               KEKER, VAN NEST & PETERS LLP

15                                            By:    /s/ *Bryn Williams*
                                                    PAVEN MALHOTRA
16                                                  BRYN WILLIAMS

17                                                  Attorneys for Defendant FACEBOOK,
                                                    INC.

1326320.v1

1

### PROOF OF SERVICE

2

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

3

4

5

On April 15, 2019, I served the following document(s):

6

**DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FACEBOOK INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

7

8

9

☑   by **FEDEX**, by placing a true and correct copy in a sealed envelope addressed as shown below.  I am readily familiar with the practice of Keker, Van Nest & Peters LLP for correspondence for delivery by FedEx Corporation.  According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

10

11

12

Ibrahim Hassan
8349 Cretan Blue Ln
Las Vegas, NV 89128
E: ibrahimhassan661@yahoo.om

Anjeza Hassan
8349 Cretan Blue Ln
Las Vegas, NV 89128
Annie.sara@yahoo.com

13

14

15

Kosta Hysa
6877 Fox Lane
Waterford, MI 48327
E: kosta.hysa@yahoo.com

Mirela Hysa
8349 Cretan Blue Ln
Las Vegas, NV 89128
E: m.hysa@yahoo.com

16

17

Executed on April 15, 2019, at San Francisco, California.

18

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

20

21

*Michele Knox-Thomas*
_____
Michele Knox Thomas

22

23

24

25

26

27

28

1326320.v1